## KATHERINE H. BOYLSTON
*vs.*
## GEORGE M. STAUFFER, ET AL.

Superior Court  New Haven County  File No. 55392

MEMORANDUM FILED FEBRUARY 15, 1939.

*David M. Reilly,* of New Haven, for the Plaintiff.

*FitzGerald, Foote & FitzGerald,* of New Haven; *Watrous, Hewitt, Gumbart & Corbin,* of New Haven, for the Defendants.

BOOTH, J.  Suit is brought against a nonresident corporation and an individual who is claimed to have been negligent in the operation of a motor vehicle on a highway in Connecticut while acting as the agent or servant of said corporation.

It has been stipulated that the automobile in question was, in fact, the property of the individual defendant.  Service of the process was made upon the corporate defendant in accordance with the terms of section 5473 of the General Statutes, Revision of 1930, only.  It has interposed a plea in abatement questioning the jurisdiction of the court on the claim that the statute is not broad enough to constitute the motor vehicle commissioner of this state its attorney under the statute for the service of process.

In the alternative it is also maintained that if the statute is by its terms wide enough in scope to include the corporate defendant, it is unconstitutional under the 14th amendment of the Federal Constitution.  In maintaining this position the defendant calls attention to decisions in other jurisdictions which might have considerable weight were it not for the narrowness of most of the statutes construed by them, and it is conceived

that the fundamental error of the defendant is in applying these narrow rules to a statute as broad as ours. By the use of the word "cause" in reference to the operation of an automobile, all legal relationships by which one acts through the agency of another who is subject in any measure to the former's direction and control are embraced; and the further recognition in the statute of claims arising by reason of the operation of a motor vehicle by an agent or servant without any limitation whatsoever makes the above conclusion inescapable.

It thus appears that the statute by its terms provides for service such as was made in this case. This brings about a consideration of the second contention of the defendant. It is claimed, although not strongly urged, that the statute thus construed constitutes a deprivation of property rights without due process of law. This contention must be based not on the inadequacy of the provisions as to notice which have already been held by our Supreme Court not to violate the due process clause, but on the legal impossibility of an appointment through the operation of this statute of the motor vehicle commissioner by reason of the conduct of the defendant in "causing" an automobile to be operated upon the highways of this state. No authority for this contention has been brought to the attention of the court, and from the standpoint of reason it does not appear to be less proper to hold such appointment to arise from the alleged conduct of the defendant by which in legal contemplation it accompanies its agent through the state than that such appointment comes about by reason of the physical presence of an operator within our borders. Neither legal nor physical act is accompanied with an actual intent to bring about this result. It arises solely by operation of this statute which is a legitimate exercise of the police power of the state. This court in the absence of controlling authority will not limit the operation of the statute in a way to defeat a large portion of its beneficial effect.

For the foregoing reasons, the plea in abatement is overruled.