GRACE TYLER *v.* JOHN M. BARRY ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 87424

Memorandum filed April 25, 1953.

*Raymond E. Blank,* of Bridgeport, and *Edward S. Pomeranz,* of Hartford, for the Plaintiff.

*Francis J. Moran,* of New Haven, and *Adrian W. Maher,* of Bridgeport, for the Defendants.

ROBERTS, J. The defendant The Frederick Gumm Chemical Company, Inc., pleads in abatement and to the jurisdiction claiming that no legal service was made upon it.

It appears from the writ and complaint that said defendant is a nonresident located in New Jersey. Service was made on said defendant in the manner provided in § 7779 of the General Statutes, by serving a copy of the writ, summons and complaint on the commissioner of motor vehicles, as attorney for the defendant, and by mailing a copy thereof, by registered mail, to the defendant at its New Jersey address. It further appears from the allegations of the complaint, that the codefendant Barry, a Connecticut resident, was operating his own motor vehicle at the time it struck the plaintiff, causing injuries for which this suit is brought, and that at the time he was acting as the agent of the defendant corporation. It is alleged that the accident occurred while the motor

vehicle was within the factory gates of the General Electric Company.

It thus clearly appears from the allegations of the complaint that the negligence and collision complained of did not occur while the motor vehicle was being operated upon any public highway of this state.

The defendant does not dispute that said statute, where applicable, provides good service on a nonresident corporation, as principal, where the motor vehicle causing the alleged injuries is owned and operated by another acting as the agent or servant of said corporation. This is the alleged situation in this case. See *Boylston* v. *Stauffer*, 7 Conn. Sup. 42.

The defendant does claim, however, that no legal service was made upon this nonresident defendant because the statute does not apply where it appears that the negligence complained of did not occur in the operation of the motor vehicle upon a public highway of this state and further that it does not appear that the motor vehicle was caused to be operated on any public highway of this state.

Said § 7779 reads in part: "Any nonresident of this state who shall cause a motor vehicle to be operated upon any public highway of this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against such person on account of any claim for damages resulting from the alleged negligence of such nonresident or his agent or servant in the operation of any motor vehicle upon any public highway in this state may be served upon said commissioner and shall have the same validity as if served upon such nonresident personally."

Thus it will be seen that it is provided in said statute not only that the nonresident must cause a motor

vehicle to be operated upon a public highway of this state but also, in order to have the service of the process under the statute good, the action must be on account of a claim for damages resulting from the alleged negligence of such nonresident or his agent or servant in the operation of a motor vehicle upon a public highway in this state. It may perhaps be inferred that the nonresident defendant caused the motor vehicle to be operated upon a public highway of this state, as alleged in the complaint, before he reached the property of the General Electric Company, yet the alleged facts do not comply with that requisite of the statute. The motor vehicle was not, however, being operated upon a public highway when the alleged negligence occurred. The terms of the statute have not been met so as to make the service good on the defendant The Frederick Gumm Chemical Company, Inc. as a nonresident.

Section 7779 has been held, in the case of *Hartley* v. *Vitiello,* to constitute a valid service on a nonresident when the terms of the statute have been met. The same rule has been followed in later cases. *Hartley* v. *Vitiello,* 113 Conn. 74. This statute, as is the case with similar statutes in other states, is based on the power of the state to regulate the use of its highways by a nonresident. In the exercise of such power the state may provide that a nonresident using or causing its highways to be used, and negligently causing injury to another by reason of the operation of a motor vehicle upon any of its public highways, may be served with process as provided in § 7779. A statute such as this, however, being in derogation of common law, is to be strictly construed and must be strictly followed in order to secure the intended benefits. 61 C.J.S. 150, § 502a.

Our Supreme Court in the *Hartley* v. *Vitiello* case, supra, cited the case of *Hess* v. *Pawloski,* 274 U.S. 352, in which case the Supreme Court of the United

States held a Massachusetts statute, with provisions similar to the Connecticut statute, to be valid. In said opinion the United States Supreme Court said at page 356: "Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the non-resident may be involved."

A federal District Court in construing a New York statute, also similar to the Connecticut statute, said: "This section . . . specifically applies only to accidents or collisions where the vehicle was being operated on a public highway." *Finn* v. *Schreiber,* 35 Fed. Sup. 638, 640; see also note, 148 A.L.R. 1217.

The plea in abatement and to the jurisdiction is sustained and judgment may accordingly enter for said defendant.