VICTOR M. HAMMOND v. LINUS D. PARKER

SUPERIOR COURT      NEW LONDON COUNTY      FILE NO. 23398

Memorandum filed December 15, 1956.

*Abraham A. Lubchansky*, of New London, for the plaintiff.

*Waller, Smith & Palmer*, of New London, for the defendant.

KING, J. In the early afternoon of December 24, 1954, the plaintiff was operating his automobile along route 1 in York, Maine. He had stopped his car at an intersection, awaiting an opportunity to make a left turn into route 91. While standing, his car was struck in the rear by an automobile owned and operated by the defendant. This suit seeks recovery of damages for personal injuries claimed to have been sustained in that collision.

At the time of the collision each party was a resident of Connecticut, the plaintiff of Groton, and the defendant of Manchester. Both cars were then registered in Connecticut, and each party then held a valid Connecticut operator's license. The plaintiff is still a resident of Groton. The defendant, who was unmarried, had originally lived with his mother in Portland, Maine, and had come to Connecticut in 1950 and obtained employment in a factory near Hartford. Sometime in 1951 he purchased a car

and continually thereafter held a Connecticut operator's license and car registration. In October, 1954, the defendant's father had died, and some two or three weeks prior to April 2, 1955, the defendant finally decided to give up his job and residence in Connecticut and return to Maine to help his mother and three younger children who lived with her. On April 2, 1955, the defendant permanently left Connecticut and established his home at his mother's, in Portland. The Connecticut registration was used in Maine until September 7, 1955, when a Maine registration was obtained, and the Connecticut operator's license until October 3, 1955, when a Maine operator's license was obtained. The Connecticut registration plates had not been returned to the commissioner of motor vehicles of Connecticut, hereinafter referred to as the commissioner, as of the date of the defendant's deposition, which was January 26, 1956. The defendant's Connecticut registration was obtained on or about February 14, 1955, and the registration period would expire on February 29, 1956, under General Statutes § 2367. The defendant's Connecticut operator's license was obtained sometime in March of 1955. His date of birth was June 30, 1927. Under the provisions of § 1299d of the 1955 Cumulative Supplement, this license ran from May 1, 1955, until June 30, 1957. The commissioner was not notified of any change of address, upon the defendant's removal to Maine, as required by § 2385.

Service of this action was made on the commissioner on December 15, 1955, under the provisions of § 7780, and the defendant actually knew of the action, and received a copy of the process, within a very few days after the date of such service. The defendant appeared specially and pleaded to the jurisdiction and in abatement on the basic ground that there was no authority under § 7780, or in any

other way, for an in personam action such as this to be brought against a nonresident by substituted service. The question involved here is one of jurisdiction over the person as distinguished from jurisdiction over the subject matter. In the absence of personal service within Connecticut, there would be no jurisdiction to render an in personam judgment against a nonresident defendant unless there had been some sort of waiver of such service. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 213; *Harris* v. *Weed,* 89 Conn. 214, 221; *Hartley* v. *Vitiello,* 113 Conn. 74. A general appearance, for example, would constitute such a waiver. *Coyne* v. *Plume,* 90 Conn. 293, 296.

The defendant's plea to the jurisdiction and in abatement was overruled without any memorandum of decision and without the defendant's deposition having ever been shown to the court or even opened. It did appear that a certificate of the commissioner was shown to the court. The defendant could of course have tried the case on the merits and in the event of an adverse decision have appealed from the overruling of the plea to the jurisdiction. *Coyne* v. *Plume,* supra, 297; *FitzSimmons* v. *International Assn. of Machinists,* 125 Conn. 490, 494. However, with today's crowded dockets, the defendant quite properly again raised the jurisdictional question in an amendment to the answer adding a second special defense. To this the plaintiff replied and to this reply the defendant filed a rejoinder. Thus issue was joined on this jurisdictional question so raised in the second special defense.

Since if the second special defense was sustained there would be no jurisdiction to render any judgment at all, the court, with the approval of counsel, entered an order for the severance of the second special defense, which embraced only these jurisdictional issues, and the trial of these issues apart

from, and prior to, the trial of the other issues of the case. At this trial the defendant's deposition was read and evidence was offered in the form of a certificate of the commissioner. While the commissioner's certificate stated that the defendant's 1955 Connecticut operator's license was issued May 1, 1955, this statement was inaccurate and was not credited. The defendant obtained his operator's license sometime in March, 1955, prior to leaving Connecticut, and had been continuously in Maine for about a month prior to May 1, 1955. It is pretty obvious that the commissioner inadvertently gave the first effective date of the defendant's 1955 Connecticut operator's license instead of the actual date of its issuance. It is common knowledge that this is the date which was stamped on a 1955 Connecticut operator's license. Indeed the court's own operator's license is dated May 1, 1955, although actually obtained sometime prior thereto. This matter is really of no importance anyway, since it bore solely on the question of when the defendant actually removed to Maine and the bona fides of his residence there, and the evidence was clear that this removal occurred on April 2, 1955, and was in all respects bona fide. Upon his removal to his mother's home in Maine, not only his residence but also his domicil changed from Connecticut to Maine. *Dorus* v. *Lyons*, 92 Conn. 55, 57; see also 5A Am. Jur. 780 § 865, 781 § 866.

The plaintiff claimed that since the defendant had failed to notify the commissioner of his change of address and had retained his Connecticut registration plates and operator's license, he was an operator upon whom service could not be made at the address on file in the office of the commissioner under § 7780, thereby making substituted service upon the commissioner in accordance with the provisions of that section a valid service. The difficulty with the plaintiff's position is that there is nothing in § 7780

which expresses any intention to make it applicable to a nonresident defendant. The most that can be said is that it makes the issuance and acceptance of a Connecticut operator's license constitute a waiver of a right to the service of process, i.e., at the usual place of abode or in person, which our law requires in the case of an ordinary in personam process against a Connecticut resident, and this result follows only if the conditions of the section are fulfilled. Any intention to have § 7780 apply to a nonresident defendant, whether or not he was such at the time his license was applied for and issued, would have to be clearly and expressly stated because of the constitutional problems involved which would not exist, of course, in the same way in the case of a resident defendant. *Brogan* v. *Macklin,* 126 Conn. 92, 94; *Tyler* v. *Barry,* 18 Conn. Sup. 290, 292. Here, however, there is not only no clear expression of any such intent in § 7780 but no hint of any such intent. The claim of the plaintiff that § 7780 has any application to a nonresident defendant is without merit.

The plaintiff makes some claim of a waiver in fact, by this defendant, of an in personam service, because of his alleged violations of our motor vehicle law. In considering this claim, two matters must be borne in mind. In the first place, waiver is the intentional relinquishment of a known right. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 475. Secondly, the facts upon which the claim of waiver is based must be pleaded and proved by the person claiming a waiver, which in this case was the plaintiff. *Fields* v. *Metropolitan Life Ins. Co.,* 132 Conn. 588, 592.

There was no obligation to return to the commissioner the Connecticut registration plates until ten days after February 29, 1956, which was the expiration date of the registration period. General Stat-

utes §§ 2367, 2366 (d). Whether or not they were returned within the time allowed by law does not appear. All that appears is that they had not been returned on January 26, 1956, the date of the deposition. Consequently there is no evidence of any violation of the provisions of § 2366 (d). Under no theory was there any obligation to return the Connecticut operator's license to the commissioner. Consequently, there was not, and could not be, proof of any violation of law in this respect. The defendant did violate our law in failing to notify the commissioner of a change of address within 48 hours, as required by § 2385.

However, even if there had been a violation of law in the failure to return the registration plates or the operator's license, or both, and even though there was a clear violation of law in the failure to notify the commissioner of the change of address, none of these things could be distorted into a waiver of an in personam service of process, to say nothing of an appointment of the commissioner as the defendant's agent for the service of process in this action growing out of a collision in a foreign jurisdiction which is now the defendant's home state. *Hyatt* v. *Wallingford Gas Light Co.*, 9 Conn. Sup. 520, 522. There is no merit to the plaintiff's claim of any waiver in fact.

The plaintiff is in the same situation as any other person who has an in personam cause of action against a nonresident. He must sue in the state where service can be made adequate to give jurisdiction for the rendition of an in personam judgment. While it cannot affect the law, admittedly there is ample time under the Maine Statute of Limitations for the institution of an action in that state. Thus the plaintiff is not without an adequate remedy.

For the foregoing reasons the allegations of the second special defense are found proven and found

sufficient in law to establish a lack of jurisdiction of the court in this action to render any valid in personam judgment, or, indeed, any valid judgment at all, against this nonresident defendant.

Since this is conclusive of the entire case, judgment may enter dismissing the action for want of jurisdiction of the defendant.