[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS CT Page 6620-O
The defendant, Agency Rent A Car, Inc. ("Agency"), has moved to dismiss the above-entitled action as to it because of what it claims is insufficiency of service of process. Practice Book 143(5). (A second defendant, Douglas Fox, is not involved in this motion.) Because I conclude that service of process was, in fact, sufficient, this motion must be denied.
The plaintiff claims that Agency rented a car to Fox, who proceeded to use it as Agency's agent in a way that caused her injury. The merits of this claim are not before me. The return shows that service of process was accomplished in two different ways:
(1) In hand service was made on "James Riley, Office Manager, in charge, Authorized."
(2) Service was made on the Commissioner of Motor Vehicles, pursuant to Conn. Gen. Stat. 52-62.
Agency claims that each of these methods of service was improper. First, it claims that Riley is not a person who may properly be served under Conn. Gen. Stat. 52-57(c). Second, it claims that service under 52-62 was improper because it is an out-of-state CT Page 6620-P corporation, and 52-57(c) provides the exclusive mechanism for the service of out-of-state corporations. Because I disagree with Agency's second argument, it is unnecessary for me to consider the fast.
Agency admits that it is a Delaware corporation and that its principal place of business is in Ohio. The fact that it has offices in Connecticut and conducts business in this state does not transform it from a "nonresident" to a "resident" for purposes of 52-62. "Generally speaking, the cases hold that a corporation is to be treated for jurisdictional purposes as a resident of that place where its principal offices or place of business is situated." 1 William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations (rev. vol. 1990). The Supreme Court ruled long ago that a corporation is an inhabitant of the district containing its principal office, even though it maintains offices in other districts. Galveston Harrisburg San Antonio R.R. v. Gonzales, 151 U.S. 496 (1894). See Louisville, Cincinnati Charleston R.R. v. Letson, 43 U.S. (2 How.) 497, 559 (1844).
This is not a purely mechanical analysis. Various exceptions to the corporate residence rule have been articulated over the years, see 17 William M. Fletcher, supra, 8300, and the real question is what interpretation will "give full effect to the purpose and spirit of the statute." Id. The purpose of 52-62 is manifestly to protect the CT Page 6620-Q rights of plaintiffs injured by motor vehicles operated or caused to be used by persons not readily amenable to service of process within the state. See Coombs v. Darling, 116 Conn. 643, 647, 166 A. 70
(1933). Given this purpose, the statute ought to be liberally construed so as to protect these rights. The multifaceted arguments that Agency raises against the additional service on Riley in this case underscore the wisdom of this approach. Persons attempting service on corporations such as Agency that are incorporated in one state, have a principal place of business in another state and have offices that are not principal places of business in this state can easily find themselves caught in a statutory maze under 52-57(c). Section 52-62 is straightforward in comparison, and persons injured by motor vehicles operated or caused to be used by corporations such as Agency ought not to find their actions dismissed as the price of using it.
Agency does not argue in its brief that it is anything other than a nonresident. Its primary argument is that because 52-57(c) sets forth "a particular method of serving process" in the case of actions against out-of-state corporations it essentially preempts the field from 52-62, which, Agency claims, is a more general statute that does not mention corporations at all. This argument misconstrues the relationship of the two statutes. In fact, both statutes are "particular." Section 52-57(c) sets forth a "particular" procedure for serving corporations. Section 52-62 sets forth a "particular" CT Page 6620-R procedure for service in motor vehicle cases involving nonresidents. In cases where both statutes apply, either statute may be used. Section52-62 has been held applicable to nonresident corporations, Boylston v. Staufferr, 7 Conn. Sup. 42 (1939), and the plaintiffs use of it here was appropriate.
The motion to dismiss is denied.