[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction and Factual Background
The plaintiff, Center Capital Corporation (hereinafter, "Center Capital"), commenced this action against the defendants Shelby Williams Industries, Inc. (hereinafter, "Shelby Williams") and Charles H. Hall, III (hereinafter, "Hall") on July 16, 1992. The plaintiff is a Connecticut corporation which provides financing to small business. Shelby Williams is an Ohio corporation which manufactures custom furniture for commercial establishments. Hall is Shelby Williams' regional sales vice-president for the mid-Atlantic region of the United States.
The plaintiff alleges that Shelby Williams, acting through its regional vice-president Hall, misrepresented that several parties who were seeking capital from the plaintiff had paid Shelby Williams over $181,000.00 for furniture of like value when no such payments had been made and no furniture had been delivered. The plaintiff further alleges that it relied upon these representations when it decided to advance funds in excess of $500,000.00 to the applicants, and was damaged when the applicants failed to make payments according to the terms of their agreements with the plaintiff.
The plaintiff has raised claims against the defendants sounding in fraudulent misrepresentation (first count); negligent misrepresentation (second count); conversion (third count); theft under General Statutes 52-564 (fourth count); unfair trade practices under the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. (fifth count); and conspiracy to injure trade or business under the Code of Virginia,18.2-499 et seq. (sixth count). The fifth and sixth counts both incorporate by reference allegations of negligent misrepresentation made in the second count. Both defendants CT Page 1109 have filed an answer and identical special defenses. In their first special defense, the defendants claim that the court lacks personal jurisdiction over them. The defendants also raise comparative negligence as a special defense to the second, fifth and sixth counts.
The plaintiff has filed a motion to strike the defendants' first special defense and the second special defense to the extent that it is directed to the fifth and sixth counts. Pursuant to Practice Book 155, the plaintiff has filed a memorandum in support of its motion to strike and the defendants have timely filed a memorandum in opposition.
For the following reasons, the plaintiff's motion to strike the first special defense, alleging lack of personal jurisdiction, is granted. The plaintiff's motion to strike the second special defense, alleging comparative negligence, is denied.
 II.
Discussion
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counter-claim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21
(1983).
"The legal sufficiency of a special defense may be determined by reference to 164 of the Practice Book, which provides that `[f]acts which are consistent with [the plaintiff's statements of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged.'" Daniel v. Martinczak, 5 Conn. L. Trib. 429, 430 (February 3, 1992, Schaller, J.).
 A.
Jurisdiction CT Page 1110
The plaintiff moves to strike the defendants' special defense asserting lack of personal jurisdiction. This motion is granted for the following reasons.
This court (Dorsey, J.) denied the defendants' motion to dismiss for lack of jurisdiction on June 9, 1993. The defendants now seek to relitigate the jurisdictional issue, already vigorously litigated, by asserting it as a special defense. According to the law of the case doctrine, however, Judge Dorsey's findings should be respected unless they are clearly erroneous. Carothers v. Capozziello, 215 Conn. 82,107 (1990). A review of Judge Dorsey's decision makes it clear that Judge Dorsey expended a considerable amount of time reviewing the parties' briefs and attachments before rendering his decision. In a well-reasoned, lengthy, and fact-specific memorandum, Judge Dorsey determined that the assertion of jurisdiction was proper pursuant to General Statutes 52-59(b) and would not offend constitutional notions of due process. Judge Dorsey concluded, at page 12 of his memo, that "Hall and Shelby Williams engaged in purposeful activity which should have led them to reasonably anticipate being hailed into Connecticut's courts." It is hard to imagine any set of facts which would lead another judge, presented with a still more complete record, to doubt this conclusion. The motion to strike could be granted for this reason alone. There are additional reasons, however, which also merit discussion.
Although there is some authority holding that the denial of a motion to dismiss based upon lack of personal jurisdiction does not preclude the filing of a special defense raising the same jurisdictional issue, the more recent, more numerous and more persuasive superior court cases bar the assertion of lack of personal jurisdiction as a special defense. See, e.g., Ecsedy v. Jack Tar Village Resorts, 8 CSCR 8 (November 24, 1992, Leheney, J.) (a special defense is not the proper vehicle to challenge the court's personal jurisdiction); Weiss v. Town of Greenwich, 8 CSCR 576 (April 30, 1993, Rush, J.); Webster v. Canada Cycle Motor, 7 Conn. Law Trib. No. 9, p. 18 (Super.Ct., August 5, 1980, Borden, J.); but see, Hammond v. Parker, 20 Conn. Sup. 193, 196 (1956) (held it was proper for the defendant to raise a jurisdictional question for a second time via a special defense, because it is more efficient to relitigate the jurisdictional issue at the trial level rather than face the prospect of a reversal for jurisdictional reasons CT Page 1111 after a lengthy trial on the merits.)
In Webster, supra, Judge Borden disagreed with the reasoning of Hammond v. Parker, supra, holding:
 [i]t appears to me to be more in the interests of judicial economy to have the issue of personal jurisdiction decided once by the trial court, not twice as would be the result of permitting the defendant to raise it by special defense after an adverse decision on a motion to dismiss.
The approach taken in Webster has generally been followed in the more recent cases. This approach will also be followed here as it leads to be a more efficient allocation of judicial resources, particularly in light of the detailed examination by Judge Dorsey of the facts presented to him when ruling on the earlier motion.
Finally, another persuasive reason for not allowing a special defense asserting lack of personal jurisdiction is found within the language of Practice Book 142. This section provides in relevant part: "[a]ny defendant, wishing to contest the court's jurisdiction, . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Emphasis added). The Practice Book simply does not authorize the defendants' raising lack of personal jurisdiction as a special defense.
 B.
Comparative Negligence
General Statutes 52-114 requires a defendant to specially plead contributory or comparative negligence.[1] The plaintiff argues that its motion to strike the defendants' special defense to count five and count six should be granted because Connecticut's statutes and caselaw make it clear that comparative negligence is only a defense to traditional negligence claims. Plaintiff fails to explain clearly precisely what a traditional negligence claim is. The defendants argue that they have a right to assert a special defense of comparative negligence against each of the counts in which the plaintiff alleges that the defendants are liable as long as such CT Page 1112 alleged liability is based on negligence. Because counts five and six allege negligence, they claim the asserted special defense is appropriate.
The distinction raised by the parties' arguments is a subtle one, and an examination of General Statutes 52-572h is necessary to determine whether comparative negligence principles are applicable. "The language of 52-572h is unambiguous; it provides that comparative negligence principles apply: `In causes of action based on negligence . . .'" Lukas v. New Haven, 184 Conn. 205, 212 (1981). (Emphasis added).
The plaintiff concedes that comparative negligence principles apply to causes of action based on negligence, but argues that because the fifth and sixth counts raise statutory claims, the comparative negligence statute is inapplicable. The plaintiff cites various cases for this proposition. See, e.g. Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782
(1992); Lukas v. New Haven, supra.[2]
The fact that a cause of action is statutorily created is not dispositive. Rather, the express language of General Statutes 52-572h governs. "It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language used in the legislation." Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382, 391
(1993). General Statutes 52-572h is clear in providing that comparative negligence principles apply in causes of action "based on negligence." Connecticut courts have recognized that comparative negligence is properly pleaded not only in cases where the underlying action is negligence in the more traditional sense, such as the standard motor vehicle accident case, but also in cases involving tortious conduct in a commercial context. See, e.g., A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200 (1990); Steele v. Hartford Hospital, 7 CSCR 1040,1041 (August 12, 1992, Hennessey, J.) (contributory negligence constitutes a valid special defense to a negligent misrepresentation claim). See also Noebel v. Housing Authority of New Haven, 146 Conn. 197 (1959) (contributory negligence is a defense to an action based upon nuisance arising from negligence); Homan v. Daughters of The Holy Spirit, Inc., 3 CSCR 336
(March 11, 1988, Noren, J.) (comparative negligence may constitute a defense to a fraudulent misrepresentation claim).
In Somma v. Gracey, 15 Conn. App. 371 (1988), the CT Page 1113 Connecticut Appellate Court resolved an issue of first impression similar to the issue in the present case. The court construed52-572h to allow the defense of comparative negligence in an action for legal malpractice. Id., 378. The court determined that "[i]n situations where the claim of malpractice sounds in negligence, . . . the defense of comparative negligence should be made available . . . . We see no basis for distinguishing between actions for legal malpractice and other claims sounding in negligence." Id. Therefore, in the court's view, the issue is not whether the plaintiff's cause of action is grounded in a statute. Rather, the determinative factor pursuant to 52-572h is whether the cause of action, whether it is derived from statute or the common law, is "based on negligence."
1.
The Connecticut Supreme Court has decided that negligence can be the basis of a CUTPA claim under General Statutes42-110b(a). A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200 (1990). That section provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining when a practice is unfair, Connecticut courts apply the criteria set out in the "cigarette rule" by the federal trade commission:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Citations omitted.)
A-G Foods, Inc. v. Pepperidge Farms, Inc., supra, 215.
In this case, the plaintiff has incorporated by reference allegations of fraudulent misrepresentation, negligent representation, conversion and theft into the fifth and sixth counts and claims that the conduct of the defendants also CT Page 1114 constitutes a violation of CUTPA and of 18.2-449 et. seq. of the Virginia Code.[3] To the extent that the plaintiff relies on allegations of the defendants' negligence to form a basis for these claims, they are "based on negligence" in the court's view.
Accordingly, pursuant to General Statutes 52-572h, comparative negligence principles apply. Lukas v. New Haven, supra. Furthermore, pursuant to General Statutes 52-114 and Practice Book 164, the defendants have properly raised the issue of the plaintiff's negligence as a special defense. Therefore, the motion to strike the special defense of comparative negligence to count five and count six is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT