[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 19, 1996, the plaintiff, Firstar Trust Company, filed a foreclosure action against the defendants, Ronald and Francoise Clave, Thomas Todd and Petro/Fairfield Home Oil.[1] On September 26, 1996, the plaintiff filed a withdrawal of the action as to all defendants. Then, on November 13, 1996, the plaintiff filed a "withdrawal of the withdrawal."
On May 20, 1997, the defendant, Ronald Clave, filed a motion to dismiss for lack of jurisdiction on the ground that a "withdrawal of a withdrawal" was the improper procedural vehicle for trying to reinstate a withdrawn action. The plaintiff objected to the motion to dismiss, stating that the withdrawal as to all defendants was a mistake as the intent of the plaintiff was to withdraw the action only in regards to the defendant Thomas Todd. Furthermore, the plaintiff maintained that it filed the "withdrawal of withdrawal" only after being informed by the Chief Clerk that such a procedure was the appropriate vehicle to cure the mistake and reinstate the case. The court, Hickey, J, denied the motion to dismiss on June 3, 1997.
The defendant, Ronald Clave (hereinafter, "the defendant"), on July 16, 1997, filed a motion to reconsider denial of the motion to dismiss, to which the plaintiff objected on September 4, 1997. In a memorandum of decision dated October 3, 1997, the court, Hickey, J., agreed that the plaintiff did not follow the proper procedure to reinstate the withdrawal. Nevertheless, the court, finding that the plaintiffs choice of procedure was a result of its reliance on the advice of the clerk, again denied the motion to dismiss. The court, however, did vacate the pleadings and orders subsequent to the original date of CT Page 1880 withdrawal, therefore, allowing the plaintiff to properly reinstate the case without detriment to the defendants. On October 13, 1997, the defendant filed a notice of intent to appeal the court denial of the motion to dismiss.
On October 7, 1997, the plaintiff filed a motion to restore the case to the active docket. On March 2, 1998, the plaintiff filed an amended complaint. The defendant filed an answer and special defenses to the complaint on March 17, 1998. The plaintiff moved to strike the first and third special defenses on April 24, 1998. The defendant objected to the motion to strike on May 13, 1998. Argument was held at short calendar on June 2, 1998.
"A motion to strike may be used to attack the legal sufficiency of a special defense." City of Ansonia v. A. W. BeardConstruction Corp., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 051238 (December 26, 1996, Curran, J.) (18 CONN. L. RPTR. 364). The facts alleged in the special defense are to be construed in a manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "When a single special defense is subjected to a motion to strike, only the facts alleged by that special defense are accepted as true."Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60,77, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769
(1986).
The defendant has filed three special defenses. The first special defense states that over a hundred twenty days have passed since the plaintiff withdrew the action and thus the court lacks jurisdiction to proceed in the action. The second special defense states that the plaintiff failed to provide notice prior to acceleration of the note. The third special defense states that the action is barred by the doctrine of laches.
The plaintiff filed a motion to strike the first and the third special defenses on the grounds that these special defenses are legally insufficient in a foreclosure action.[2]
Specifically, the plaintiff argues that the first special defense has already been determined by the court in the prior motions to dismiss. The defendant objects and argues that, since he has filed an intent to appeal the decision on the motion to dismiss, the first special defense is in furtherance of his reservation of the right to appeal. CT Page 1881
"Although there is some authority holding that the denial of a motion to dismiss based upon lack of jurisdiction does not preclude the filing of a special defense raising the same jurisdictional issue, the more recent, more numerous and more persuasive cases bar the assertion of lack of personal jurisdiction as a special defense." See Center Capital Corp. v.Hall, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 452084, 11 CONN. L. RPTR. 215 (February 24, 1994, Lavine, J.). See also Weiss v. Town ofGreenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 119062. 9 CONN. L. RPTR. 61 (April 30, 1993, Rush, J.) ("where jurisdictional issues are decided adversely to the defendant and where rights of appeal are preserved by virtue of Practice Book 146 [now 10-34], the court believes that it is not appropriate to plead the same matters as a special defense thereby requiring a relitigation of the issue at the trial on the merits"); Ecsedy v. Jack Tar Village Resorts,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287576 (November 24, 1992, Leheny, J.) (a special defense is not the proper vehicle to challenge the court's personal jurisdiction). But see Hammond v. Parker,20 Conn. Sup. 193, 196, 129 A.2d 793 (1956) (it is proper for the defendant to raise a jurisdictional question for a second time via a special defense because it is more efficient to relitigate the jurisdictional issue at the trial level rather than face the prospect of a reversal for jurisdictional reasons after a lengthy trial on the merits).
The line of cases holding that a jurisdictional issue already decided on a motion to dismiss should not be raised as a special defense is more persuasive and thus the plaintiffs motion to strike the first special defense is granted. "This issue [of subject matter jurisdiction] is best raised by way of a motion to dismiss which looks to the face of the record . . . This is clearly a question of law to be brought before the court and not a question of fact for the jury . . . As such, an allegation challenging jurisdiction has no place as a special defense . . ." (Citations omitted; internal quotation marks omitted.) IntegratedSystems v. Town of Southbury, Superior court, judicial district of Waterbury, Docket No. 120368, 13 CONN. L. RPTR. 640 (April 7, 1995, Flynn, J.); see also Cognate v. Gyn-Ob Specialists,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 233509, 4 CONN. L. RPTR. 124 (May 17. 1991, Katz, J.).
CT Page 1882 In the present case, the court has already denied the defendant's motion to dismiss. The matter of jurisdiction has, therefore, already been determined and need not be revisited at trial. Therefore, the plaintiff's motion to dismiss the first special defense is granted.
HICKEY, J.