[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #143
The plaintiff alleges the following facts in her two count amended complaint, filed on September 12, 2001. On December 15, 1999, the plaintiff, Megan Watson, was operating a motor vehicle westbound on the Merritt Parkway. One of the defendants, Zeli Wang was also operating a motor vehicle westbound on the Merritt Parkway, behind the plaintiff. Wang was operating the vehicle with the permission of the vehicle's owner, defendant Yaus Wu, and within the scope of his authority as an agent, servant or employee of the corporate defendant, Central Development Corporation (Central).[1] Wang was also operating the vehicle within the scope of his employment with Central. As the plaintiff was proceeding, her vehicle was struck from behind by the vehicle Wang was operating, causing her vehicle to crash into a barrier on the parkway. As a result of the collision, the plaintiff suffered numerous physical injuries and damages.
The plaintiff originally filed the present action on September 18, 2000, against the defendants Wu and Wang. On August 10, 2001, the plaintiff filed a motion to cite in Central. The court, Owens, J., granted CT Page 4891 the motion on August 20, 2001. The plaintiff timely served her amended complaint on Central.
In count the first count of her amended complaint, the plaintiff asserts a claim of negligence against Wang. The plaintiff also asserts negligence claims against Central and Wu on the grounds that Wu owned the motor vehicle Wang was driving, and that Wang was employed by Central and was on company business at the time of the accident. In the second count, the plaintiff asserts a claim against Wang for multiple damages pursuant General Statutes § 14-295, and a claim for multiple damages against Central and Wu alleging that Wang was their agent, servant or employee.
On October 22, 2001, Central, filed the present motion to dismiss (#143) with a supporting memorandum of law. The plaintiff timely filed a memorandum in opposition.
 DISCUSSION
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'"Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (S) insufficiency of service of process. Practice Book [10-31]." Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985).
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lightowler v. Continental Ins. Co., 255 Conn. 639, 642 n. 4,769 A.2d 49 (2001). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." CT Page 4892 (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330,346-47, 766 A.2d 400 (2001).
Central argues that this court lacks personal jurisdiction over it because the plaintiff failed to properly serve it. Central argues that it cannot be served pursuant to General Statutes § 52-62 (a) because the statute only applies to a nonresident owner or operator of a motor vehicle and it was neither. Central contends that Wang was the nonresident operator of the motor vehicle and Wu was the vehicle's nonresident owner.
In response, the plaintiff argues that this court has personal jurisdiction over Central because General Statutes § 52-62 (a) grants the court jurisdiction over anyone who "causes" a motor vehicle to be operated on Connecticut highways. The plaintiff contends that because Central "caused" its employee, Wang, to operated his motor vehicle on a Connecticut highway this court has jurisdiction over Central. The plaintiff further argues that even if the court does not have jurisdiction over Central pursuant to General Statutes § 52-62 (a), it has jurisdiction over this defendant because Central was validly served pursuant to General Statutes § 33-929.[2]
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., 236 Conn. 602, 606,674 A.2d 426 (1996).
General Statutes § 52-62 (a) provides in relevant part that "[a]ny nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process . . . brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally." (Emphasis added.) In this case Wang was employed by Central and was operating Wu's motor vehicle in this state upon the orders of Central's CEO, Wu. (Plaintiffs Objection, Exhibit A, p. 17.) CT Page 4893
Although there is no appellate authority directly on point, several judges of the Superior Court have held that the use of the word "cause" in General Statutes § 52-62 encompasses situations similar to the one in the present case. Boylston v. Stauffer, 7 Conn. Sup. 42, 43 (1939); see also Tyler v. Barry, 18 Conn. Sup. 290, 291 (1953). In Boylston v.Stauffer, supra, 7 Conn. Sup. 42, the defendant, a nonresident corporation was sued for the alleged conduct of its nonresident employee, while that employee was operating his personally owned motor vehicle. The court held "[b]y the use of the word `cause' in reference to the operation of an automobile, all legal relationships by which one acts through the agency of another who is subject in any measure to the former's direction and control are embraced. . . ." Id., 43. The court held that it had personal jurisdiction over the nonresident defendant corporation for the conduct of its employee in operating that employee's personally owned motor vehicle. Id.
In the present case, the plaintiff alleges, and both Wu and Wang admit, that Wang was driving Wu's vehicle in Connecticut with Wu's permission. In his deposition testimony, Wang indicated that he was driving in Connecticut because Wu had asked him to look at a construction site in Westport, Connecticut. (Plaintiffs Objection, Exhibit A, p. 17.) During the initial oral argument on the motion, the plaintiff indicated the Wu is Central's CEO. The plaintiff also submitted a printout from the New York State Department of State, Division of Corporations' website, that indicates the Yau San Wu is the chairman or chief executive officer of Central. (Plaintiffs Objection, Exhibit B.) This evidence indicates that Wang was in Connecticut at Wu's direction and for the purpose of conducting business for Central. Based on the foregoing, Central "caused" Wang to operate Wu's vehicle in Connecticut. Accordingly, the court may exercise personal jurisdiction over Central pursuant to § 52-62.
Next, this court must determine whether its exertion of jurisdiction over Central in this case "would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. VikingCommunications, Ltd., supra, 236 Conn. 606. "The federal due process clause permits state courts to exercise in personam jurisdiction over a nonresident corporate defendant that has `certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Thomason v.Chemical Bank, 234 Conn. 281, 287 661 A.2d 595 (1995), quotingInternational Shoe Co. v. Washington, 326 U.S. 310, 316 [66 S.Ct. 154,90 L.Ed. 95] (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. `[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" UnitedCT Page 4894States Trust Co. v. Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985), quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 1005. Ct. 559, 62 L.Ed.2d 490 (1980). "The specific facts of each case necessarily determine the outcome of a minimum contacts analysis." UnitedStates Trust Co. v. Bohart, supra, 197 Conn. 42. "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." BurgerKing Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 559, 62 L.Ed.2d 528
(1985).
This court's exercise of jurisdiction over Central does not offend constitutional principles of due process, because Central's CEO, Wu, directed Wang to drive Wu's car to Connecticut to perform work for the benefit of Central. Central could have foreseen that Wu, as its employee, might commit a tort in Connecticut while performing his duties for the corporation. Thus, subjecting Central to this court's jurisdiction does not offend traditional notions of fair play and substantial justice.
Even if this court agreed with Central's argument that the court did not have jurisdiction over it pursuant to General Statutes § 52-62, this court can exercise jurisdiction over Central pursuant to General Statutes § 33-929.[3] General Statutes § 33-929 (f) states, in relevant part: "Every foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows . . . (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."
The plaintiff alleges that Central's employee, Wang, committed a tortious act in Connecticut while he was in Connecticut performing work for Central. The sheriffs return attached to the complaint states that service was made upon Central pursuant to General Statutes § 33-929. Therefore, this court has jurisdiction over Central pursuant to General Statutes § 33-929 (f)(4), because one of its employees, Wang, allegedly committed a tortious act in Connecticut during the course of his employment.
As previously discussed, a court cannot exert personal jurisdiction over a nonresident defendant unless the defendant has certain "minimum contacts" with the subject forum, Thomason v. Chemical Bank, supra,234 Conn. 287. In this case Central's CEO, Wu, directed its employee, Wang, to drive to Connecticut to perform work at a Connecticut job site. CT Page 4895 Exerting jurisdiction over Central in this case does not violate constitutional principles of due process; Knipple v. VikingCommunications, supra, 236 Conn. 606; because Central could have foreseen that it could be haled into a Connecticut court to answer for the tortious conduct of one of its employees.
This court has personal jurisdiction over Central pursuant to both General Statutes § 52-62 and General Statutes § 33-929. Central's motion to dismiss is therefore denied.
 ___________________ GALLAGHER, J.