JAMES H. DORUS *vs.* FLORENCE G. LYON, EXECUTRIX.

Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

General Statutes, § 1125, provides that the time during which a defendant shall be "without this State," shall be excluded in computing the period within which an action may be brought against him. *Held* that a resident of this State who took an apartment with his wife in New York but kept a residence here with his mother for fourteen years until her death, where he spent three days a week for a considerable portion of each year, and where his name remained on the voting list and he sometimes voted, was not "without this State" so as to prevent the running of the statute of limitations.

One may be a resident in two or more States at the same time; and the house in which a resident of this State habitually spends three days in the week for fourteen years, except when away on trips and vacations, is his "usual place of abode" (§ 571) for the purpose of serving process upon him.

Argued June 8th—decided July 6th, 1917.

ACTION to recover an alleged balance of a book account for groceries and other merchandise, brought to and tried by the Court of Common Pleas in Fairfield County, *Wilder, Acting-Judge;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The plaintiff's cause of action accrued March 9th, 1892, against Charles G. Lyon, then of Bridgeport, and

this action was not brought against his executrix until December, 1915. To a plea of the statute of limitations, the plaintiff replied that Lyon removed from the State of Connecticut in 1892 and continued to reside out of the State until his death in April, 1915. The reply was traversed, and the finding on that point is that Lyon and his wife took an apartment in New York City in 1892 and removed from the State, and were without the State until his death, except that from 1892 until the death of his mother in 1906 Lyon continued to keep a residence at his mother's house in Bridgeport, where for a considerable part of each year he spent three days a week. It is also found that Lyon's name was on the voting list of the city of Bridgeport until his death, that he sometimes voted there, and that it was his usual custom to spend Thursdays, Fridays and Saturdays of each week at his mother's house, where he had a room, except those portions of the year when he was away from Bridgeport on some trip or vacation. There are other findings not inconsistent with the above, which, in the view we take of the case, need not be repeated.

*William H. Comley, Jr.,* with whom was *Charles A. Hopwood,* for the appellant (plaintiff).

*W. Parker Seeley,* for the appellee (defendant).

BEACH, J. The controlling question is whether Lyon was "without the State," within the meaning of General Statutes, § 1125, from 1892 to 1906, so that the statute of limitations did not run against the plaintiff's cause of action during that period. If it did run, the plea was good.

It seems clear that the finding concludes the point against the plaintiff's contention. The finding is that Lyon was without the State except as therein stated;

but the exceptions nullify the affirmation. In *Sage* v. *Hawley*, 16 Conn. 106, we held that the proviso as to absence from the State did not refer to temporary absences, but was intended to preserve the plaintiff's right of action during a period when, by reason of the defendant's absence, it was impossible to commence an action *in personam* against the defendant; and we said that if the defendant is domiciled or resident within the State, although temporarily absent therefrom, the statutes still provide a way by which a personal action may be commenced against him, in which a judgment may be obtained which will be binding and conclusive between the parties, and therefore in such a case no saving of the right of the plaintiff to commence such an action is necessary.

In this case the defendant was not even absent from the State. He was customarily in Bridgeport three days in the week, and by the exercise of ordinary diligence the creditor could have ascertained that fact, and commenced his action at any time.

The finding that he sometimes voted in Bridgeport, indicates very strongly that Lyon himself regarded Bridgeport as his legal domicil. There is no finding on the point of domicil, but it is expressly found that he had a residence in Bridgeport, and the necessary inference from the other facts found is that he also had a usual place of abode in Bridgeport. A man may be a resident in two or more States at the same time, and the house where a resident of Connecticut habitually spends three days in the week for a period of fourteen years, except when away on trips and vacations, is his usual place of abode for the purpose of serving process upon him.

There is no error.

In this opinion the other judges concurred.