## KATHERINE K. FOYE
### *vs.*
## JOHN SCOTT FOYE ET AL.

Superior Court      New Haven County      File No. 57936

MEMORANDUM FILED JULY 1, 1940.

*William T. Holleran*, of New Haven, for the Plaintiff.

*Joseph Shelnitz*, of New Haven, for the Defendants.

CORNELL, J.   The plea challenges the service of a writ, summons and complaint returned to this court on the first Tuesday of December, 1939.   It was filed December 5, 1939, and answer made on June 12, 1940.   From the officer's return it appears that service of the process as against the defendant John Scott Foye was made by leaving a true and attested copy of it at the home of his sister and her husband at 40 Willow Street, in the City of Bridgeport, Connecticut, as the usual place of abode of said defendant.   In it, it is alleged that that place was not such defendant's usual place of abode when the process was left there.

It must be noted, however, in this connection, that the defendant in question really contends that the address in question was not the defendant's domicile at the time such service was purported to be made.   It is pointed out, however, that the

validity of such service does not depend upon whether the defendant was domiciled at the place where the process was left, but only whether such location was his "residence" within the intendment of the statute (Gen. Stat. [1930] §5469). The phrase "usual place of abode" as used therein is con-notative of residence only and "residence" has been held to mean a mere temporary place of living in contradistinction to the element of permanency combined with a present intention to remain, which is essential to an acquisition of a domicile. Clegg vs. Bishop, 105 Conn. 564, 570.

It appears from the evidence that when the defendant was released from the Middletown State Hospital about Christmas time, 1938, he telephoned Lawrence C. Walsh, trust officer of the Tradesmen's National Bank of New Haven and gave as his address the home of his sister at 40 Willow Street, Bridgeport, Connecticut. There is good reason to believe that he took up his residence at that place then because it is found that his sister submitted a bill for his board and room to the bank. It appears that after that he lived at various addresses but that at all times he kept his mailing address with the bank as at his sister's home. Coupled with this was the assurance given the officer serving the process, by his sister on first inquiring of her that defendant lived there, which statement she denied only when she ascertained that her inquisitor was a sheriff and that he wished to leave papers with her. The fact that the defendant changed his abode temporarily from place to place from time to time prior to the date when service was made does not necessarily militate against the retention of his residence with his sister even while he did this. "One may have two or more places of residence within a State, or in two or more States, and each may be a 'usual place of abode'. . . . Service of process will be valid if made in either of the usual places of abode. It will reach him in one as well as the other." Clegg vs. Bishop, supra, 570. This accomplishes the chief purpose of the direction of the statute. Clover vs. Urban, 108 Conn. 13, 16. That this achievement was accomplished in the instant case is evident from the very fact that the instant plea was filed and the statement of defendant's counsel that notwith-standing the fact that he knew that the matter was set for a hearing he nevertheless in the presence of it refused to attend such hearing and journeyed on to another state. That he has actual notice of the pendency of the complaint and that the

service made at his sister's home accomplished this are irresistible conclusions.

An analysis of the evidence shows conclusively (1) that defendant had acquired a residence at the place where service was made and (2) notwithstanding his sojourn in other places he had not given up his residence there. Under the circumstances it is necessary to find that the defendant has failed to sustain the burden of proof of the allegations which he makes. 1 C.J. Abatement and Revival §603.

The plea in abatement is, in consequence, overruled.