This appeal arises from the dismissal of a paternity proceeding instituted by the plaintiff's verified petition claiming that the defendant was the father of a child born to her on July 23, 1974. According to the sheriff's return, service was made on October 12, 1974, by leaving a true and attested copy of the petition, order, and summons at the "usual place of abode of Stephen Scholz at 532 Fairfield Wood [sic] Road, Fairfield, Conn." At a hearing held on October 25, 1974, at which the defendant did not appear, the court rendered judgment *Page 502 
for the plaintiff. On February 21, 1975, a special appearance was entered in the defendant's behalf and a "Motion to Reopen Default Judgment" was filed. The defendant's motion alleged, inter alia, lack of notice and improper service. At a hearing held on the motion the court heard testimony from the defendant's parents, the sheriff who served the process, the plaintiff, and a girlfriend of the plaintiff. The defendant did not appear at that hearing. After the hearing, the court opened the judgment. The plaintiff then filed a motion entitled "Motion for Further Order of the Court re: Decision Reopening Judgment and for Extension of Time to File Appeal," upon which the court ruled that it lacked jurisdiction over the action owing to improper service on the defendant, and it dismissed the action. The plaintiff has appealed from that dismissal.
The principal issue on this appeal is whether the trial court erred in concluding that the defendant did not maintain a residence or usual place of abode at 532 Fairfield Woods Road, Fairfield, Connecticut. That conclusion led to the opening of the judgment and the dismissal of the action.
Service of process in a civil action may be made at the usual place of abode of a defendant, and a court can acquire in personam jurisdiction over a defendant who has been served at his usual place of abode within the state. General Statutes 52-57; Hurlbut v. Thomas, 55 Conn. 181, 182. The chief purpose of abode service "is to ensure actual notice to the defendant that the action is pending." Smith v. Smith, 150 Conn. 15, 20.
Whether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise. Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 390; *Page 503 
Cugno v. Kaelin, 138 Conn. 341, 343; 1 Freeman, Judgments 228. "The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Grant v. Dalliber, 11 Conn. 234, 238." Cohen v. Bayne, 28 Conn. Sup. 233, 237. The trial court's conclusion that 532 Fairfield Woods Road was not the defendant's residence or usual place of abode must be tested by the court's finding of facts. National Amusements, Inc. v. Brown,171 Conn. 172, 175; Monahan v. Brahm, 32 Conn. Sup. 575,578-79.
The trial court's finding recites the following relevant facts: On October 12, 1974, William and Barbara Scholz, the defendant's parents, lived at 532 Fairfield Woods Road, Fairfield, Connecticut. Until June or July, 1974, the defendant had lived with his parents at that address. At that time, the defendant went to Michigan and obtained a residence of his own. When he left, the defendant took with him all personal belongings that were of any use to him. In October, 1974, the defendant's parents did not know how to communicate with the defendant. They did not know his whereabouts in Michigan until late November, 1974. When the sheriff came to the Fairfield home to attempt to serve process on the defendant, the defendant's mother and father both told him that the defendant did not live in Connecticut. The defendant first learned of the action at Thanksgiving in November, 1974. In the period from July, 1974, until February 25, 1975, the defendant had visited in Connecticut only two times, once during the Christmas holidays and again on Washington's Birthday. At those times he stayed with his parents at the Fairfield house. Mail addressed to the defendant at the Fairfield address was accepted by his parents.
The trial court's finding supports its conclusion that the defendant did not have his residence or *Page 504 
usual place of abode at the Fairfield address. The cases relied upon by the plaintiff are inapposite. See Capitol Light Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 324. In those cases there was little evidence offered to contradict evidence that the defendant had his usual place of abode at the Connecticut address where process had been served. In the present case, the testimony of the defendant's mother and father established that the defendant had his usual place of abode in Michigan at the time of service. It was within the trial court's discretion to accept and give weight to their testimony.
The trial court opened the judgment on the ground that the defendant had no notice of the pendency of the action because the defendant did not have his usual place of abode at the place where process was served. The plaintiff claims that the court lacked discretion to open the judgment because the defendant failed to show reasonable cause for that relief as required by General Statutes 52-212 and Practice Book 286.[1]
Under 52-212 a default judgment may be opened upon a motion "showing reasonable cause, or that a . . . defense . . . existed at the time of the rendition of such judgment . . . and that the . defendant was prevented by mistake, accident or other reasonable cause from . . . making the same." *Page 505 
The motion must be verified by the complainant or his attorney, contain a statement "in general terms" of the nature of the defense, and "particularly set forth" the reasons why the party failed to appear. The statute also requires the moving party to give notice to the adverse party. Those requirements "constitute a basic limitation on the opening of default judgments." Testa v. Carrolls Hamburger System, Inc., 154 Conn. 294,297. If those requirements are satisfied and the moving party alleges and shows reasonable cause for relief, the granting of the motion lies within the sound discretion of the trial court. Jaquith v. Revson, 159 Conn. 427, 431-32.
In his motion, the defendant alleged, inter alia, (1) that he had no knowledge of the pendency of the action at the time judgment was rendered; (2) that he was not in Connecticut and had no usual place of abode in Connecticut on the date of the service of the complaint, but had his usual place of abode in Ann Arbor, Michigan; (3) that from July, 1974, he had been a resident of Michigan; and (4) that he had a bona fide defense to the action in that service of process was not properly made upon him. The motion was accompanied by the defendant's affidavit which contained certain recitals that supported the defendant's claims that he had been a resident of the state of Michigan since July, 1974, and that his usual place of abode was in Michigan.
The defendant's motion satisfied the requirements of 52-212. In deciding the motion, the trial court had the motion and the defendant's affidavit before it, as well as the testimony adduced at the hearing on the motion. The facts as found by the court show that the defendant was prevented from appearing by reasonable cause, namely, lack of notice of the action. The fact that the defendant had no notice of the pendency of the action is a good defense *Page 506 
against the action as well as a reasonable cause to set aside the judgment. It cannot be said that the court abused its discretion in granting the motion to open the judgment.
Once the judgment was opened the action had the same status as it did before the judgment had entered. Ordinarily a defendant would file a plea in abatement to raise the issue of lack of in personam jurisdiction based on invalid service of process. See Practice Book 93. In this case, however, the plaintiff filed a motion asking the court to make a further order. The court had the jurisdictional issue before it because it had been raised by the defendant's special appearance and his motion to open the judgment. It was incumbent upon the court to decide the jurisdictional issue. See East Side Civic Assn. v. Planning Zoning Commission, 161 Conn. 558; Reed v. Reincke,155 Conn. 591, 600. On the basis of the record before it, which included the evidence adduced at the hearing on the motion to open, the court had to determine whether it had jurisdiction over the defendant.[2] The court's conclusion that the defendant did not reside or have his usual place of abode at the Fairfield address necessarily led to the conclusion that the attempted abode service made at that address was invalid and that the court had no jurisdiction over the person of the defendant. Accordingly, the court had to dismiss the action for lack of jurisdiction.
 There is no error.
In this opinion PARSKEY and SPONZO, Js., concurred.