**David VENABLES, Plaintiff,**

v.

**Scott S. BELL, Defendant.**

**No. 3:93CV1576 (RNC).**

United States District Court,
D. Connecticut.

Sept. 30, 1996.

Edward J. Dolan, New Haven, CT, for plaintiff.

Peter J. Dauk, Williams, Cooney & Sheehy, Bridgeport, CT, for defendant.

*ENDORSEMENT RULING AND ORDER*
CHATIGNY, District Judge.

In 1993, plaintiff brought this diversity case to recover damages for fraud and breach of contract based on certain dealings between the parties dating to 1983, when the defendant was a college student in Connecticut. The defendant has moved for summary judgment on the ground that the claims are barred by Connecticut's three-year statute of limitations for tort actions, Conn.Gen.Stat. § 52–577, and its six-year statute of limitations for contract actions, Conn.Gen.Stat. § 52–576(a). For the reasons that follow, the defendant's motion is granted.

Plaintiff acknowledges that his claims are time-barred unless the running of the applicable limitations periods was tolled for a substantial period of time between 1983 and 1993. Plaintiff contends that his claims are

saved by Conn.Gen.Stat. § 52–590.[1] This statute, which can be traced to the mid–1800's, "preserve[s] the plaintiff's right of action during a period when, by reason of the defendant's absence, it was impossible to commence an action in personam against the defendant." *Dorus v. Lyon*, 92 Conn. 55, 57, 101 A. 490 (1917).

Plaintiff's reliance on § 52–590 is unavailing because, even assuming that the defendant was outside Connecticut at all times after 1984, he was still subject to suit in Connecticut based on his allegedly tortious conduct while he was a college student here. Conn.Gen.Stat. § 52–59b(a) authorizes courts to exercise personal jurisdiction over nonresident individuals who commit tortious acts within the state. Given the allegations of the complaint concerning the defendant's actions in Connecticut, exercising personal jurisdiction over him pursuant to this section of the long-arm statute would not offend due process.

Plaintiff contends that he was unaware of the defendant's whereabouts after 1984 and was unable to locate him despite diligent and persistent effort. Section 52–590 does not toll the running of a limitations period just because a defendant cannot be found. Rather, the statute preserves a right of action only if the defendant's absence from the state makes it impossible to obtain personal jurisdiction over him in Connecticut.

If plaintiff did not know the defendant's whereabouts after 1984, he could have obtained personal jurisdiction over him in Connecticut by serving the secretary of state and mailing a copy of the process to the defendant's "last known address." See Conn.Gen.Stat. § 52–59b(c). The requirement that the copy be mailed to the defendant at his last known address could be satisfied by sending it to "his last address so far as it [was] reasonably possible to ascertain it." *Hartley v. Vitiello*, 113 Conn. 74, 80, 154 A. 255 (1931).

Plaintiff has submitted an affidavit stating that, although he could not locate the defendant after 1984, he did have repeated contact with the defendant's parents. In *D'Occhio v. Connecticut Real Estate Comm'n*, 189 Conn. 162, 455 A.2d 833 (1983), a case involving a person who engaged in business transactions in Connecticut then left for parts unknown, the Connecticut Supreme Court held that § 52–59b(c) would have been satisfied by sending a copy of the summons and complaint by registered mail to the missing person's spouse. Consistent with the decision in *D'Occhio*, plaintiff could have served the defendant after 1984 by mailing a copy of the summons and complaint to the defendant's parents.[2]

Apart from his reliance on § 52–590, plaintiff argues that his claims are not time-barred because they arise out of defendant's continuing course of conduct as a fiduciary. However, plaintiff concedes that he terminated the fiduciary relationship in January 1984 and became aware of the factual basis for his claims sometime prior to March 1984, when he complained to the police about the defendant's conduct. Thus, even assuming the plaintiff's allegations to be true, his reliance on the continuing course of conduct doctrine is misplaced.

Plaintiff also argues that the evidence discloses later wrongful conduct by the defendant that would toll the applicable limitations periods. The conduct he relies on occurred in early 1984 and therefore provides no basis for overcoming the bar of the statutes of limitations.

Accordingly, defendant's motion for summary judgment is hereby granted.

So ordered.

---

1. Section 52–590 provides: "In computing the time limited in the period of limitation prescribed under any provision of chapter 925 of this chapter, the time during which the party, against whom there may be any such cause of action, is without this state shall be excluded from the computation, except that the time so excluded shall not exceed seven years."

2. A notice mailed to the defendant's parents would be reasonably certain to reach him. If the defendant could not be found, notice by publication would satisfy due process requirements. *D'Occhio*, 189 Conn. at 172, 455 A.2d 833, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 70 S.Ct. 652, 658–59, 94 L.Ed. 865 (1950).