[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1640
On July 28, 1998, the defendant filed a motion to dismiss the complaint on the ground that service of process was insufficient. The sheriff's return recites that service was made on July 6, 1998 at the defendant's abode, to wit, 48 Wilton Road West, Ridgefield. "The sheriff's return is prima facie evidence of the facts stated therein. . . ." (Internal quotation marks omitted.)Schlosser v. Warren, Superior Court, judicial district of Danbury, Docket No. 328601 (March 4, 1998, Moraghan, J.). See also Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53 (1983);Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 390 (1957). "Where the sheriff's return shows abode service in Connecticut, the burden rests on the defendant to prove insufficiency of service of process." (Internal quotation marks omitted.)Schlosser v. Warren, supra. See also Standard Tallow Corp. v.Jowdy, supra, 53.
The defendant contends that service was improper because his correct address is 60 Wilton Road West in Ridgefield. In support of this assertion, the defendant has submitted a bank statement dated May 29, 1993 which was apparently sent by the plaintiff to the defendant. The statement indicates that the defendant's address was 60 Wilton Road West. Even if this evidence could be considered,[1] the document fails to establish that the defendant's usual place of abode was not 48 Wilton Road West on the date that the papers were served. See Collins v. Scholz,34 Conn. Sup. 501, 503 (1976). The motion to dismiss is, accordingly, denied.
___________________________ Moraghan, J.