[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS #103
The plaintiff, Lawrence R. Smith, is a prisoner within the State of Connecticut Department of Corrections Garner Correctional Institution. On December 24, 1998, the plaintiff filed a pro se complaint alleging violations of his civil rights under state and federal law pursuant to 42 U.S.C. § 1983. The plaintiff named four defendants in their official and individual capacities: John J. Armstrong, Commissioner of the Department of Corrections, David Strange, former Warden of the Corrigan Correctional Institution, Jane Doe 1, medical nurse, and Jane Doe 2, identified as Emily Savoie, supervising medical nurse.
On March 11, 1999, the defendants filed a timely motion to CT Page 6665 dismiss the complaint pursuant to Practice Book § 10-30 on the ground that this court lacks in personam and subject matter jurisdiction. As reasons therefor, the defendants state that: (1) they are immune from suit by virtue of the Eleventh Amendment, sovereign immunity, qualified immunity and General Statutes § 4-165; (2) there was insufficient service of process; and (3) the complaint fails to state a claim upon which relief may be granted.
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410,722 A.2d 271 (1999). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike . . . the practical difference being that if a motion to strike is granted, the party whose pleading is stricken is given an opportunity to replead in order to avoid a harsh result." (Citation omitted.) Pratt v. Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993).
In the present case, the defendants' motion attacks this court's jurisdiction on the basis of sovereign immunity and insufficiency of service of process. The remaining grounds for their motion, however, essentially attack the legal sufficiency of the plaintiff's cause of action, not this court's jurisdiction. Since the defendants' jurisdictional attacks are dispositive of all other issues, the court will first address whether the plaintiff properly effectuated service of process on the defendants.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.) Bridgeport v. Debek,210 Conn. 175, 179-80, 554 A.2d 728 (1989). "Where a particular method of serving process is pointed out by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citations omitted.) Board of Education v.Local 1282, 31 Conn. App. 629, 632, 626 A.2d 1314, cert. granted in part, 227 Conn. 909, 632 A.2d 688 (1993); see also ManganellaCT Page 6666v. Department of Public Safety, Superior Court, judicial district of Windham at Putnam, Docket No. 058984 (January 4, 1999, Sferrazza, J.) (dismissing complaint for failure to comply with statutory manner of service). The defendants argue that the service of process was improper because it occurred at the defendants' place of employment. Citing General Statutes § 52-57
(a), the defendants argue that the plaintiff should have served each defendant personally at their last and usual place of abode.
General Statutes § 52-57 (a) states in relevant part: "[P]rocess in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." In addition, service upon officers of the State in their official capacity "may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the attorney general or at his office in Hartford." General Statutes § 52-64; see also Retzer v. Board of Trustees of StatesColleges, 2 Conn. App. 196, 203-04, 477 A.2d 129 (1984). "Whether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise. . . . The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made." (Citations omitted; internal quotation marks omitted.) Collins v. Scholz,34 Conn. Sup. 501, 502-03, 373 A.2d 200 (1976). "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corporation v.Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983).
In the present case, the deputy sheriff's return of process indicates that service occurred via hand delivery to "Mabel Figueroa, Secretary, duly authorized to accept service for the within named defendant[s] . . . at the Office of the Commissioner, Department of Corrections, 24 Wolcott Hill Road, in the said Town of Wethersfield." See Deputy Sheriff's Return dated December 22, 1998. It is apparent from the face of the return that none of the defendants received service of process at their respective places of abode pursuant to General Statutes § 52-57
(a). It is also apparent that the attorney general was not served pursuant to General Statutes § 52-64. This court is unaware of any statutory authority which appoints the person who accepted CT Page 6667 service in this case, Mabel Figueroa, as a representative of the defendants for the purpose of receiving service of process. Therefore, the court finds that the plaintiff did not comply with the statutorily-prescribed manner of service as provided in § 52-57 (a) or § 52-64.
Accordingly, this court lacks in personam jurisdiction over any of the defendants, and therefore, the motion to dismiss is granted.[1]
Mihalakos, J.