[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANT JONATHAN C. BROAD
INTRODUCTION
The defendant Jonathan C. Broad (Broad) has moved to dismiss this action against him on the ground of lack of in personam jurisdiction because of claimed insufficient service of process.
The sheriff's return of the writ, summons and complaint in this case states that on November 5, 1999:
 I served the within named defendant, Jonathan C. Broad by leaving at his usual place of abode, 39 Deer Run Drive, in the town of Colchester, a true and attested copy.
Broad claims that on the date the sheriff purported to make abode service on him, he did not have a usual place of abode at 39 Deer Run CT Page 8809 Drive, Colchester (Deer Run).
FINDINGS
Following an evidentiary hearing on this motion, the court makes the following findings:
 Broad's parents have lived at Deer Run at all times relevant to this motion;
Broad lived at Deer Run while attending high school;
 In 1995, Broad began studies at Sacred Heart University in Bridgeport, from which he graduated in August 1999;
 Broad spent the summers of 1996 and 1997, between academic years, at Deer Run;
 Broad did not spend the summers of 1998 or 1999 at Deer Run;
 Since his graduation from Sacred Heart University in August 1999, Broad has not slept overnight at Deer Run, although he has visited there;
 From his graduation in August 1999 until the present, Broad has been living in rented quarters in Milford where he pays his own rent, has renter's insurance and receives his mail, including his credit card bills;
 On November 5, 1999 (the date of purported service), Broad had no clothing or furniture at Deer Run;
 Through March 3, 2000, Broad was never a registered voter in Milford;
 From May 30, 1997 until March 2, 2000, the records of the Connecticut Department of Motor Vehicles (DMV) reflect that Broad was a licensed driver whose residence address was Deer Run;
 The records of the Colchester Town Clerk reflect that Broad was a registered voter in Colchester from November 3, 1998 through March 3, 2000, with an address at Deer Run; CT Page 8810
 Broad uses a car which is registered in his father's name and on which his father pays property taxes in Colchester;
 Broad was unaware that a licensed driver is obligated to notify DMV of a change in residence; and,
Broad is employed in the construction industry.
 DISCUSSION
The plaintiff claims proper service was made on Broad pursuant to § 52-57 (a) of the General Statutes which provides, in relevant part:
 "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."
Accordingly, the disposition of this motion depends on whether Broad had a "usual place of abode" at Deer Run on November 5, 1999. Deciding that question requires a review of Connecticut law on what "usual place of abode" means.
Counsel have brought to the attention of the court no Connecticut Supreme Court or Appellate Court case defining "usual place of abode." However, two Superior Court decisions and one decision rendered by the Appellate Session of the Superior Court, before the Appellate Court was established, shed light on the meaning of that phrase.
In Foye v. Foye, 8 Conn. Sup. 293 (1940), the defendant challenged abode service on the ground that process was not left at his domicile. The court concluded that one's abode need not be his domicile, but only his residence, and then said:
 "`residence' has been held to mean a mere temporary place of living in contradistinction to the element of permanency combined with a present intention to remain, which is essential to an acquisition of a domicile."
Id., 294.
In Capitol Light and Supply Co. v. Gunning Electric Co.,24 Conn. Sup. 324 (1963), abode service was attempted on the defendant at CT Page 8811 his parents' home on November 22, 1962. The court found that two days earlier, the defendant had applied for a Connecticut driver's licence and had represented in his application that his residence was his parents' home. The court also found that the defendant spent the Thanksgiving and Christmas holidays at his parents' home in 1962, and that on December 15, 1962, certified mail addressed to him was delivered there. The only evidence disputing the claim that the defendant resided at his parents' home was the testimony of the defendant's brother that the defendant left his parents' home in the summer of 1962 to work in Syracuse. In holding that the defendant had a residence at his parents' home, the court noted: "There is no showing that he intends to abandon his former home . . ." Id., 328.
In Collins v. Scholz, 34 Conn. Sup. 501 (1976), the Appellate Session of the Superior Court addressed the issue of "usual place of abode" in a fact situation quite similar to that of the instant case. There the trial court found that: in June or July 1974, the defendant moved out of his parents' home and set up a residence of his own in Michigan, taking all his personal belongings; on October 12, 1974, abode service was attempted on the defendant at his parents' home; the defendant's parents accepted mail addressed to the defendant at their home; and, the defendant stayed at his parents' home during the Christmas holidays of 1974 and on Washington's Birthday 1975. On those facts the court held the defendant did not have a usual place of abode at his parents' home when service was attempted, and the court then went on to distinguish the facts inCollins from those in Capitol Light by noting that in Capitol Light,
"[t]here was little evidence offered to contradict evidence that the defendant had his usual place of abode . . . where process had been served." Id., 504.
From Foye, Capitol Light and Collins, it is clear that abode means residence, not domicile; that one can have more than one residence; that sufficient abode service can be made at a place where one formerly lived, if one's residence at that place has not been abandoned; and, that residence is an issue of fact. In the instant case, the uncontroverted evidence established that prior to the date of service, Broad had established a residence in Milford. Therefore, the factual question remaining to be decided is whether, prior to November 5, 1999, Broad abandoned his residence at Deer Run, or whether, on November 5, 1999, he had two residences.
The court finds that the DMV records, the Colchester voting records, the Milford voting records and the automobile registration, whether taken separately or collectively, are indicia of residence which reflect, in this case, only the casualness with which youth regards registrations with public bureaucracies rather than an intention by Broad not to CT Page 8812 abandon a former residence at the home of his parents, and it is held that Broad did not have a usual place of abode at his parents' home on November 5, 1999.
CONCLUSION
The motion to dismiss is granted.
G. Levine, J.