[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO OPEN (#116)
I. Procedural History
On October 6, 2000, the plaintiff National Mortgage, filed one count complaint seeking to foreclose a mortgage encumbering property in which the defendants, John Bernet, and his wife, Nancy Bernet, had an interest.[1] On October 25, 2000, three of the named defendants, including Bernet and his wife, were defaulted for failure to appear.[2]
On November 13, 2000, the court, Parker, J., granted the plaintiff's motion for strict foreclosure and set a law date of January 15, 2001. The attorney for the defendant filed his appearance on March 9, 2001, and, CT Page 8514 subsequently, on March 19, 2001, filed a motion to open the judgment of foreclosure.[3]
As grounds for opening the judgment, the defendant contends that the plaintiff failed to make proper abode service and, thus, the court lacked jurisdiction to enter the judgment. The plaintiff objects on two grounds: first, that it made proper abode service on the defendant; second, that General Statutes § 49-15 prohibits the opening of judgments after title has vested. On May 21, 2001, the court conducted a hearing on the motion and requested briefs from the parties.
II. Standard of Review
"[T]he general provisions in [General Statutes] §§ 52-212 and 52-212a
regarding motions to open default judgments . . . give way to the specific provision in General Statutes § 49-15 regarding the opening of judgments of mortgage foreclosures." Merry-Go-Round Enterprises, Inc.v. Molnar, 10 Conn. App. 160, 161, 521 A.2d 1065 (1987). General Statues § 49-15 provides that: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer." "[Section] 49-15 prescribes only four conditions for opening a judgment of strict foreclosure: (1) that the motion be in writing; (2) that the movant be a person having an interest in the property; (3) that the motion be acted upon before an encumbrancer has acquired title; and (4) that `cause,' obviously good cause, be shown for opening the judgment."Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 352-53,579 A.2d 1054 (1990).
III. Discussion
In the present action, the court entered a judgment of strict foreclosure on November 13, 2000, with a law date of January 15, 2001. As noted previously, the motion to open was filed on March 19, 2001. When the law day passed without redemption, title vested with the plaintiff2830 Whitney Ave. v. Heritage Can. Dev. Assoc., 33 Conn. App. 563, 565,636 A.2d 1377 (1994) citing Crane v. Lomis, 128 Conn. 697, 700, 25 A.2d 650
(1942); D. Caron, Connecticut Foreclosures, (3rd Ed. 1997) § 9.03, p. 240. Because title vested with the encumbrancer prior to the filing of the present motion, the court is prohibited from opening the judgment on that basis by § 49-15. CT Page 8515
A few judges of the Superior Court, however, have permitted defendants to open judgements of foreclosure notwithstanding the prohibition of § 49-15 after title vests when the court lacked personal jurisdiction over the defendant. See, e.g., Centerbank v. Mauri, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 960252134 (January 9, 1997, DiPentima, J.) (18 Conn.L.Rptr. 438). Without expressing an opinion on the propriety of these decisions, these decisions are irrelevant as the court finds that the plaintiff effectuated proper abode service on the defendant.
The defendant contends that at the time the plaintiff attempted service, he was estranged from his wife and no longer living at the family residence. The plaintiff argues that the defendant had actual notice and, therefore, the claim of insufficient abode service is improper.
"The chief purpose of abode service is to ensure actual notice to the defendant that the action is pending. . . . Whether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise. . . . The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. . . ." (Citations omitted; internal quotation marks omitted.)Collins v. Scholz, 34 Conn. Sup. 501, 502-03, 373 A.2d 200 (1976).
Based on the testimonial and documentary evidence presented at the hearing and the logical and reasonable inferences deduced therefrom, the court makes the following findings of fact relative to the court's jurisdiction. The writ, summons and complaint indicated the defendant's address to be 3E Industrial Road, Branford, CT, and the defendant's wife's address as 12 Briarwood Lane, Durham, CT.
The sheriff's return indicates that on September 28, 2000, he "left a true and attested copy of the original writ, summons and complaint, notices and exhibits at the usual place of abode of the within named defendant, JOHN BERNET at said 12 Briarwood Lane, Durham, [CT]." On the return there is a typewritten note from the sheriff indicating: "The defendant John Bernet resides at the above address. The address on the summons is a [b]usiness address."
The defendant currently lives at 12 Briarwood Road, Durham, CT. The defendant and his wife were estranged from July 2000 through at least September 2000. During that period of time, the defendant resided at 3 East Industrial Road, Branford, CT, the location of his business which, among other things, involved the operation of motel-rooms. The CT Page 8516 certification of service on the plaintiff's motion for default for failure to appear indicated that a copy of the motion was mailed to the defendant at 12 Briarwood Lane, Durham, rather than 3 East Industrial Road, Branford.[4] On November 7, 2000, the defendant's wife notified the defendant of the foreclosure action and as previously noted, the defendant was defaulted on November 25, 2000.
By letter dated November 7, 2000, the defendant sought information concerning the foreclosure from the attorney representing the plaintiff. The letter indicated that the defendant's "mailing address" was 3 East Industrial Road, Branford. The defendant testified that he was not aware of the foreclosure proceeding but only that his wife "had a concern about foreclosure activity where it relates to 10 Brairwood, Road, Durham." The court does not find this testimony credible in light of the subsequent letter sent "relative to what the disposition of the mortgage was and what I had to do to bring the mortgage current."
Although the defendant's abode "is usually considered to be the place where a person is living at the particular time when service is made. . . ."; (Citations omitted; internal quotation marks omitted.)Collins v. Scholz, supra, 34 Conn. Sup. 503; "[o]ne may have two or more places of residence within a State, or in two or more States, and each may be a usual place of abode. . . . Service of process will be valid if made in either of the usual places of abode." (Citations omitted; internal quotation marks omitted.)Clegg v. Bishop, 105 Conn. 564, 570, 136 A. 102
(1927); Dorus v. Lyon, 92 Conn. 55, 101 A. 490 (1917). Furthermore, "[t]emporary absence does not destroy what would otherwise be a `usual place of abode' if there is an intent to return to that abode, whether the absence be due to a search for work, actual employment out of state, hospitalization, imprisonment, or unknown reasons. Stephenson, Connecticut Civil Procedure, Sec. 24 at 79." (Internal quotation marks omitted.) Source One Mortgage Service Corp. v. Puglisi, Superior Court, judicial district of New Haven at New Haven, Docket No. 247755 (June 9, 1995, Silbert, J.) In cases where the defendant has actual notice of the initiation of the action, the court should construe the service of process requirements liberally. Plonski v. Halloran, 36 Conn. Sup. 335,337, 420 A.2d 117 (1980).
Based on the facts recited above, the court finds that the defendant had two abodes at the time of service of process. The first abode was temporary and located at 3 East Industrial Road, Branford, CT. The defendant's second abode was located at 12 Briarwood Lane, Durham, CT. The court determines that the defendant failed to establish by the preponderance of the evidence that his absence from the home was anything other than temporary. Accordingly, the court finds the abode service CT Page 8517 effectuated at the 12 Briarwood Lane address was proper and the court had jurisdiction to enter the foreclosure order.
IV. Conclusion
As the title to the foreclosed property vested in the plaintiff prior to the filing of the present motion to open, the court is prohibited by General Statutes § 49-15 from opening the judgment. Additionally, for the reasons herein stated, the court finds that it had personal jurisdiction over the defendant at the time the foreclosure judgment was entered.
It is concluded that the motion to open ought to be and hereby is denied.
It is so ordered.
By the court,
Arena, J.