[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a complaint dated April 11, 2001 the plaintiff Frank Chimblo, individually, and in his capacity as executor of the Estate of August Chimblo, sued the defendant Rosalie Monahan alleging breach of fiduciary duty, breach of a duty of good faith and fair dealing, negligence, recklessness and a violation of the Connecticut Unfair Trade Practice Act. The record reflects dingent efforts to effect service on Monahan. On April 17, 2001 Stamford Constable Jon T. Gallup left an attested true copy of the summons and complaint with Secretary of the State in Hartford, and on the following day he mailed copies of these papers to two addresses in Jupiter, Florida that plaintiff's investigation revealed to be the last known addresses of Monahan in that state. On April 19, 2001 Gallup also mailed the copies to Monahan at P.O. Box 297 Cos Cob, a section of the Town of Greenwich, Connecticut and left the papers at Monahan's residence at 19 Maplewood Drive in Cos Cob. Lastly, on May 3, 2001, Gallup served Monahan in hand at the Maplewood Drive location. (Returns of Service, Court file; Monahan Affidavit.)
Monahan has moved to dismiss the complaint on two interrelated grounds; (1) service pursuant to General Statutes § 52-59b was improper because she is a resident of Connecticut, and (2) the in hand service in Cos Cob, a part of Greenwich, Connecticut, was improper because it was effected by a Stamford constable not authorized to serve process in Greenwich.
The defendant contends that she has maintained a residence in Greenwich for over forty years. (Monahan Affidavit). Indeed, the plaintiff admits as much by alleging in the complaint that Monahan resides in Florida and Connecticut. Monahan then postulates that since she is a Connecticut resident, ipso facto, she cannot be a nonresident, and therefore, may not be served under Gen. Stat. § 52-59b which provides for service of process on "nonresident individuals". While this argument has a certain linguistic purity, it does not accurately reflect Connecticut law.
This court has not been able to find an adequate definition of "nonresident" as used in Gen. Stat. § 52-59b in the case law. The definitions of the word or its antonym in other statutes are unhelpful in CT Page 15123 this context. For instance, there are definitions of resident in Gen. Stat. §§ 11-31a and 12-405a based on the concept of domicile which, as pointed out below, is not pertinent to the subject of personal jurisdiction dealt with in this case. Likewise, under Gen. Stat. § 14-1
et seq, the motor vehicle statute, non-residence is defined as having a "legal residence" elsewhere, and "legal residence" is undefined.
Therefore, to ascertain the proper meaning of nonresident it is necessary to examine the statutory framework of the service of process statutes and the case law relevant thereto. There are, in general, two ways an individual may be served with process to confer court jurisdiction. Gen. Stat. § 52-57 (a) provides that process with a complaint may be served by leaving true and attested copies "with the defendant, or at his usual place of abode, in this state." Gen. Stat. § 52-59b provides for service of process on nonresidents under certain circumstances (e.g. those who transact any business or who commit a tort within the state). Under these statutes an individual must either be served in hand in Connecticut or at his usual place of abode in Connecticut or served as a "non resident" under § 52-59b.
Connecticut law recognizes that a person may be a resident of more than one state. Dorus v. Lyon, 92 Conn. 55 (1917). In Clegg v. Bishop,105 Conn. 564 (1927) the Connecticut Supreme Court held that a person could have more than one "usual place of abode" and that one such abode could be outside the state and another inside. The Clegg court made it abundantly clear that neither "usual place of abode" or "residence" equated with domicile. Both Dorus and Clegg dealt with statutes which tolled the applicable statute of limitations when a putative defendant was "without the state" a phrase which meant, in the era before long-arm statutes, not subject to the jurisdiction of the Connecticut courts. However, someone who had a "usual place of abode" in Connecticut was. under the predecessors to § 52-57 (a), subject to service of process, then as now, at that location, and therefore was not "without the state." In 1969 the legislature enacted what is now Gen. Stat. § 52-59b which extended the state courts' jurisdiction to some individuals who were formerly not subject to jurisdiction because they were "without the state", i.e. having no "usual place of abode" in Connecticut.
Based on the above, the court finds that the "nonresident individuals" covered by the terms of § 52-59b equate to those persons who do not have a usual place of abode in Connecticut. This definition is different to a degree than that proposed by Monahan. The court recognizes that in many, if not most cases, the courts have made no distinction between a resident of and one having a usual place of abode in Connecticut. There does appear to be some distinction however, if only because a resident may be defined as one who owns a residence in Connecticut. See Clegg v.CT Page 15124Bishop, supra (the court appears to make an unarticulated distinction between the two). Therefore, under her contention, a person who owns a residence in Connecticut, but is rarely if ever present there, could not be served in any fashion except by in-hand personal service in Connecticut since the person would neither be a nonresident nor have a usual place of abode in the state. On the other hand, construing nonresident to mean a person without a usual place of abode in Connecticut has the positive consequence of bringing into symmetry the provisions of § 52-57 (a) and § 52-59b.
Although this court does differ with the plaintiff on the proper definition of nonresident the evidence is sufficient to conclude that Monahan had a usual place of abode in Connecticut, and therefore under the reasoning above, may not be served under § 52-59b. Her affidavit that she has maintained a residence at Maplewood Drive for over forty years is essentially uncontradicted. Perhaps more importantly, she was actually present at that address at the time of the in hand service on her.
The court agrees with Monahan's contention that Constable Gallup did not have the authority to serve her in the Town of Greenwich. Connecticut General Statutes § 7-89 authorizes persons who are elected constable in a town to serve process "in their towns". This geographical limitation can be expanded in the following circumstances.
 "If any officer has commenced the service of any process within the precinct, he may attach the property of, or serve the process upon, any defendant named in the process outside of her precinct"
Gen. Stat. § 52-56 (a). Gallup commenced his service of process by physically delivering the writ summons and complaint to the Secretary of the State in Hartford. Gen. Stat. § 52-56 (c) allows him to do this. But the service in Hartford does not constitute the commencement of service in Stamford which was Gallup's town and precinct. Therefore, Gallup was not authorized to serve Monahan outside of Stamford.
The court finds that both the service of process on Monahan as a nonresident under Gen. Stat. § 52-59b, and the in hand personal service in Greenwich was defective, and the motion to dismiss must be granted. In some ways this is a disappointing result. Clearly the plaintiff Chimblo exercised great diligence in attempting to locate and serve Monahan. Furthermore, Monahan had actual notice of the complaint against her and actual notice is the touchstone of due process. Nevertheless, the exercise of a court's jurisdiction over a person is serious business with potentially serious consequences. Therefore, in CT Page 15125 serving process to acquire jurisdiction over a person, unless the service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. Hyde v. Richard, 145 Conn. 24,25 (1958).
ADAMS, J.