[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SERVICE OF PROCESS
The plaintiffs seek to have the defendants held in contempt for violation of a temporary restraining order issued by this court (Sheedy, J.). At the present time, the parties seek to ascertain the dates on which a state marshal effectively served copies of the restraining order on defendants Robert H. May; R.H.M. Properties, LLC; Hector Natera; and Future Investments of new England, LLC. The plaintiffs contend that service was made on Robert H. May pursuant to General Statutes § 52-57
(a) when the state marshal left legal process at 80 Pleasant Street in Waterbury, Connecticut, on May 30, June 25, and July 23, 2002. The plaintiffs also contend that service was made on R.H.M. Properties, LLC pursuant to General Statutes § 34-105 (a) by the marshal's leaving legal process at the abode of its statutory agent for service of process, Robert H. May. On the dates process was left at 80 Pleasant Street, May was residing in Florida, where he maintained a usual residence and was domiciled.
For the delivery of process at 80 Pleasant Street to have been effective abode service, May's connections with the apartment had to have been of such frequency and quality that the apartment constituted a usual place of abode for him. "It is clear that one's "usual place of abode' is in the place where he would most likely have knowledge of service of process. Clegg v. Bishop, 105 Conn. 564, 569. Its chief purpose is to ensure actual notice to the defendant that the action is pending. Smithv. Smith, 150 Conn. 15, 20. The usual place of abode is generally considered to be the place where the person is living at the time of service. Grant v. Dalliber, 11 Conn. 234, 238. It is not necessarily his domicile; Clegg v. Bishop, supra, 570; and a person may have more than one usual place of abode. Dorus v. Lyon, 92 Conn. 55, 57. In the final analysis, the determination of one's usual place of abode is a question of fact and the court may consider various circumstances. Cugno v.Kaelin, 138 Conn. 341, 343." Plonski v. Halloran, 36 Conn. Sup. 335,335-36 (1980). While Robert H. May still had access in May and June of CT Page 15233 2002 to a residential apartment at 80 Pleasant Street that he had once used as a usual place of abode, his use of the place and frequency of contacts with the place had decreased to such an extent that by May of 2002 the apartment no longer constituted a usual place of abode for him. Service on Robert H. May, either individually or as agent for R.H.M. Properties, LLC, was not effectuated by abode service at 80 Pleasant Street in Waterbury.
On June 28, 2002, the state marshal effectively served Robert H. May individually and as agent of Robert H. May, LLC. Service was made pursuant to General Statutes § 52-59b (c) with respect to Robert H. May and § 34-105 with respect to R.H.M. Properties, LLC. The postal receipts show that in both instances service was effective as of June 28, 2002, when copies where received by the Secretary of the State.
With respect to Hector Natera, this court finds that he did not maintain a usual place of abode in May or June of 2002 with his parents at 26 Stillson Road in Fairfield. Accordingly, he was not effectively served until notice was published on July 25, 2002, pursuant to the court's order of notice.
Future Investments of New England, LLC was served on May 30, 2002.
 _____________ THIM, J.
CT Page 15234