## DORIS L. FRISCO
*vs.*
## EDWARD L. FRISCO

Superior Court     New Haven County     File No. J-1136

MEMORANDUM FILED OCTOBER 5, 1945.

*Louis Feinmark,* of New Haven, for the Plaintiff.

*Franklin Coeller,* of New Haven, for the Defendant.

SHEA, J.   According to the officer's return, service of the writ and complaint in this case was made by leaving a true and attested copy of the original writ, summons and complaint at the usual place of abode. Evidence offered by the defendant clearly establishes the fact that defendant had moved away from the address where service was made a few days prior to the time of service. The court, therefore, has no jurisdiction over the person of the defendant.

The want of jurisdiction, however, does not appear on the face of the record. The motion to erase is not an appropriate remedy where it contains affirmative allegations requiring proof essential to the determination of the questions involved. *Murphy vs. Elms Hotel,* 104 Conn. 351.

A motion to erase a cause should address itself solely to the facts of record. It should not contain affirmative allegations requiring proof. *Equitable Trust Co. vs. Plume,* 92 Conn. 649.

The motion in this case required affirmative proof to establish the fact that a copy of the writ and complaint was not duly served upon the defendant. The motion to erase was not a proper pleading.

It is the duty of the court, however, to dismiss a case when the lack of jurisdiction is called to its attention. *Hazzard vs. Gallucci;* 89 Conn. 196, 201.

A question of jurisdiction may be raised at any time. *State vs. Serkau,* 128 Conn. 153, 156.

It is always competent for a court to institute inquiries into matters of fact upon which its jurisdiction depends. It is the duty of the court to dismiss a case whenever it discovers it has no jurisdiction over it. *Olmstead's Appeal from Probate,* 43 Conn. 110; *Whitehead vs. Roberts,* 86 id. 351, 356.

The petition is dismissed for lack of jurisdiction over the person of the defendant.