SIMEON A. RODNEY *v.* DELORIS M. L. RODNEY

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 162555

Memorandum filed September 16, 1970

*William Singer,* of Hartford, for the plaintiff.

*Raymond Marcin,* of Hartford, for the defendant.

RUBINOW, J. According to the sheriff's return, suit was instituted in this case on October 2, 1969. No appearance was filed for the defendant, and there were no interlocutory proceedings, although the complaint alleged that the parties have a minor child. A judgment of divorce was entered on March 19, 1970.

On July 6, 1970, the defendant filed a motion that the judgment be opened, alleging under oath that she "had no prior actual knowledge or notice of the initiation or pendency of any divorce action against [her]."

The judgment file recites that "said writ and complaint was served on the defendant, as appears by the officer's return thereon endorsed." The officer's return recites that a true and attested copy of the process was left "at the usual place of abode of the within named defendant . . . in said town of Hartford at 11 Lenox Street." Testimony at the hearing on the defendant's motion established conclusively that 11 Lenox Street, Hartford, is the address of an apartment house, and that on October 2, 1969, the defendant lived in apartment No. 10, which was on the second floor.

Under the provisions of General Statutes § 52-54, "[w]hen service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the address at which such attested copy was left." The address recited in the return, i.e. 11 Lenox Street, Hartford, is not the address of the defendant's usual place of abode, because 11 Lenox Street, Hartford, is the address of an apartment house. "In a sense it is of course true that . . . [the defendant] had . . . [her] 'usual place of abode' in . . . [Hartford] and in the apartment house in question, but it is manifest that leaving a copy of process anywhere in . . . [Hartford] or anywhere in the apartment house, would be insufficient. To accomplish the purpose of the statute, service should have been made at the apartment occupied by . . . [the defendant]. . . . In legal view, the apartments in a house of this character are as separate and distinct as though under separate roofs. [The defendant's] . . . place of abode was as much a separate and distinct habitation as though in a building by itself." *Clover* v. *Urban,* 108 Conn. 13, 16.

The trial court's finding in the judgment file that the process was served on the defendant was made without knowledge of the fact that the address recited in the officer's return is that of an apartment house. That fact having now been established, the officer's return will not support an inference or a finding that service was made at the defendant's usual place of abode any more than it would have if the defendant had proved that her usual place of abode was at some address other than 11 Lenox Street, Hartford. For proof of notice, the plaintiff relied principally upon the recitals of service in the officer's return and the court's finding, based on it, in the judgment file; the plaintiff's other evidence was inconclusive and of no probative value. Because

the "address" stated in the return is not the "address" of the usual place of abode of the defendant, neither the return nor the finding in the judgment file based on it constitutes probative evidence to contradict the defendant's testimony in support of the allegations of her motion. The court finds that the defendant has proved the allegations of her motion.

The defendant's motion to open the judgment is granted.