[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
In this case, plaintiff Henry J. Miller has sued the defendant, Attorney Gerald A. Field, for alleged violation of the Connecticut Uniform Securities Act, General Statutes 36-470 et seq., breach of fiduciary duty and negligence in connection with the defendant's alleged giving of misleading, self-serving and incompetent financial advice to invest in the Colonial Constitution Limited Partnership. The plaintiff claims that as a result of this advice, he invested and lost the sum of $50,000.
The plaintiff commenced this lawsuit on November 29, 1993, when Hartford County Deputy Sheriff Frederick E. DiNardi, Jr. acting as the agent of the plaintiff's attorney, served the plaintiff's original summons and complaint at what he then believed to be the defendant's usual place of abode: 37 Newport Drive in Bloomfield. The defendant now claims that this action must be dismissed on grounds of "lack of personal jurisdiction and insufficiency of process", Motion at 1, because he has not lived at 37 Newport Drive since 1979.
In support of his Motion, the defendant has submitted the following information and materials: (1) his personal affidavit, in which he states, without elaboration, that 37 Newport Drive is not his usual place of abode, and that he has not resided at that address since 1979; 2) an affidavit from the defendant's father, Arnold Field, confirming his son's claim of non-residency at 37 Newport Drive since 1979, and adding that the defendant has not slept over at that address since he moved away; 3) an assessor's property card for 37 Newport Drive, which lists the owners of record as "Field, Arnold Selma;" and 4) a Connecticut operator's license for Gerald A. Field, which lists his home address as 93 Parsons Drive, West Hartford. On the basis of CT Page 3572 these materials, the defendant claims that the instant action must be dismissed.
The plaintiff has countered the defendant's argument by producing a page from the most recent Hartford area telephone directory, which contains the following relevant listings:
 527-1161 FIELD GERALD A. atty 11 Asylum 243-1187 — Res 37 Newport Dr. Blmfld 523-0249 Field Gerald A Sarah S 93 Parsons Dr WH
Based on these listings, the plaintiff contends that whether or not the defendant is a taxpaying domiciliary of 37 Newport Drive in Bloomfield, that address is a "residence" he still maintains and holds out to the general public as his own. On that basis he claims that it qualifies as the defendant's usual place of abode under Connecticut law.
Whether or not a particular place is a defendant's "usual place of abode" is a question of fact which the Court must answer in light of the dual purposes served by the abode-service requirement for the service of process: to give the defendant timely, sufficient notice of the pendency of the plaintiff's lawsuit and to confer jurisdiction upon the court. Smith v. Smith, 150 Conn. 15, 20 (1962); Cohen v. Bayne, 29 Conn. Sup. 233,238 (1969). The notice-giving purpose of abode service is clearly served whenever the defendant's ties with the place of service are such that he can reliably be expected to receive prompt notice of the plaintiff's lawsuit once the process is saved. Service of process in such a place plainly gives the defendant a reasonable opportunity to defend himself against the lawsuit.
Even so, the second purpose of above service is to confer jurisdiction upon the Court, and it is well established that statutes confirming or establishing requirements for the exercise of jurisdiction must be strictly construed. State v. Audet,170 Conn. 337, 340 (1976). Thus, though a court may be tempted to exercise its jurisdiction over any person who has received actual notice of a pending lawsuit, to do so would plainly violate the lawful restrictions the legislature has placed on its jurisdiction.
In this case, the Court's jurisdiction has been limited by CT Page 3573 statute to those persons who have been personally served with process or who have been served in their "usual place[s] of abode".
A place of abode need not necessarily be a defendant's permanent legal address or domicile. Thus it has been held that a defendant may simultaneously have two or more usual places of abode, and that he may lawfully be served with process at any one of them. Clegg v. Bishop, 105 Conn. 564, 569-70 (1927).
A place of abode, however, is not simply a place where the person to be served carries on a portion of his life's activities. Instead it must be a place where he resides — a home, however temporary — where, because he routinely returns there to live, he can reasonably be expected to receive legal process if it is left there for him. It must, in other words, be a place the defendant actually treats as an abode.
On the facts here presented, it would be tempting indeed to find that 37 Newport Drive is a proper place at which to make abode service on Attorney Field. He has intentionally held out to the public that that is his "residence", and according to his attorney, has done so for the express purpose of having his parents screen business calls he would prefer not to receive at his own home. It hardly seems equitable for any person, especially an attorney well schooled in our State's service-of-process laws, to gain a procedural advantage by so misleading a dissatisfied client to serve him with process at the wrong address.
The question here presented, however, is not equitable but legal. It is, quite simply, whether 37 Bloomfield Avenue was the defendant's "usual place of abode" when an effort was made to serve him at that address. It was not. Instead, the defendant's only "usual place of abode" in the relevant time frame was the address he separately listed under his and his wife's names in the same Hartford telephone directory as his misleading residential listing, to wit: 93 Parsons Drive, in West Hartford. For that reason, the instant action must be dismissed because of insufficiency of process and a resulting lack of jurisdiction over the defendant's person.
It is so ordered this 12th day of April, 1994.
Michael R. Sheldon, J. CT Page 3574